**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-30129 |
| Plaintiff - Appellee, | D.C. No. 1:10-cr-00070-RFC-1 |
| v. | |
| KRISTI MAE LITTLE WOLF, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Montana
Richard F. Cebull, Chief District Judge, Presiding

Submitted March 6, 2012[**]
Portland, Oregon

Before: W. FLETCHER, FISHER, and BYBEE, Circuit Judges.

Appellant Kristi Mae Little Wolf appeals the denial of her motion to

suppress statements made to police during an in-home interview about her

_____

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

participation in a scheme to distribute methamphetamine. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Little Wolf argues that because the investigating officers did not inform her of her right against self-incrimination, "the prosecution may not use statements . . . stemming from" that questioning because she was in custody at the time. *See Miranda v. Arizona*, 384 U.S. 436, 444 (1966). Little Wolf was "in custody" when interviewed in her home if, based on "the totality of the circumstances . . . a reasonable person in [her] position . . . would not have felt free to terminate the interrogation" and leave. *United States v. Craighead*, 539 F.3d 1073, 1082–83 (9th Cir. 2008). In evaluating such claims, courts examine:

> (1) the number of law enforcement personnel and whether they were armed; (2) whether the suspect was at any point restrained, either by physical force or by threats; (3) whether the suspect was isolated from others; and (4) whether the suspect was informed that he was free to leave or terminate the interview, and the context in which any such statements were made.

*Id.* at 1084.

None of these factors weigh in favor of the conclusion that Little Wolf was in custody when questioned by the investigating officers. As the district court found after conducting a hearing, three law enforcement officers entered Little Wolf's home dressed in plain clothes. None of the officers openly carried weapons. The tone of the interview was generally cordial and Little Wolf was

cooperative. Little Wolf was not handcuffed or otherwise restrained, and the record shows that she could move freely about her home. The officers permitted Little Wolf to keep her baby with her during their questioning, and the record does not suggest that the officers attempted to isolate Little Wolf from the outside world. In fact, one of the investigating officers told Little Wolf that she was not going to be arrested and she was free to leave. While "[t]he mere recitation of the statement that the suspect is free to leave or terminate the interview . . . does not render an interrogation non-custodial *per se*," *Craighead*, 539 F.3d at 1088, and the court must consider the delivery of these statements within the context of the interview as a whole, *id.*, the record here shows that Little Wolf was not questioned while in custody.

AFFIRMED.